HARRIS & STEVENS CORP. et al. v. TARR & McCOMB, Inc.

(Circuit Court of Appeals, Ninth Circuit. May 20, 1918.)

No. 3101.

COURTS ☞310—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP —INDISPENSABLE PARTIES.

Where complainant, with consent of its creditors, continued in force previous assignments of oil leases to defendant, a non-resident, under an agreement that a bank, as trustee, should disburse receipts, the creditors and the bank are indispensable parties to a suit to recover possession of the property, etc., and, being residents of the same state as complainant, there can be no diversity of citizenship which would give the federal court jurisdiction.

───────────────

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill by the Harris & Stevens Corporation, and another against Tarr & McComb, Incorporated. From a decree dismissing the complaint, complainants' appeal. Affirmed.

This is an appeal from a decree sustaining a motion to dismiss the complaint. The appellants here were plaintiffs in the court below, and the appellee was defendant. The bill alleges that the suit is between citizens of different states, the plaintiffs being respectively a California corporation and the manager thereof and a stockholder therein, a citizen of California, while the defendant is an Arizona corporation; that on the 20th of March, 1917, and for a long time prior thereto, the plaintiffs were in the possession of and operating two certain pieces of oil-producing property in Kern county, Cal., under leases from the owners; that on the 24th of July, 1915, the plaintiffs had entered into a written contract with the defendant for the sale to defendant of the entire production of crude oil from these leases, during the life of said leases, for the sum of 30 cents per barrel f. o. b. cars at point of production, it being provided, however, that the defendant need-not take said oil in the event that it should not be able to sell said production for said price at or upon said property; that on the 4th of October, 1916, for the purpose of securing the payment of certain advances and payments of money made and to be made to plaintiffs by defendant, the plaintiffs assigned said leases to defendant; that thereafter, and early in the year 1917, plaintiffs became indebted to sundry parties in about the sum of $40,000; that the said parties were demanding immediate payment thereof and threatening suits for the enforcement of payment; that on the 12th of March, 1917, the plaintiffs and defendant, and all of the creditors of plaintiffs, with the exception of three (whose claims represented a' total of $3,000), entered into an agreement providing that the defendant should thereafter take all the oil produced by plaintiffs at the market price, less 22½ cents per barrel to be retained by it for marketing charges, paying over all moneys above the 22½ cents per barrel to the Citizens' National Bank of Los Angeles; that in said agreement it was further provided that plaintiffs should assign to said bank all accounts receivable, and that said bank would disburse such moneys received, for payment of operating expenses, and in pro rata payments to the respective creditors; that the said creditors agreed to extend the time of payment of their respective claims for a certain period, upon the payment of $6,000 or over at certain stated times, until their said claims were paid in full, with 7 per cent. interest thereon.

It was further provided in the agreement that, unless all the creditors of the plaintiffs should execute the agreement on or before the 20th day of March, 1917, the agreement should be null and void and all the parties thereto should be released of all liability thereunder; that thereafter, and shortly after the 21st of March, 1917, the three creditors, with claims aggregating $3,000, who had refused to enter into said agreement, threatened to commence suits against plaintiffs for the recovery of their claims, and levy attachment upon plaintiffs' property, and thereupon plaintiffs, for the purpose of protecting the interests of the creditors who had signed said agreement, and the interests of the plaintiffs in said property, surrendered to the defendant the possession of said leased property, and that defendant represented to and agreed with plaintiffs that it would take and receive possession of the said real and personal property, and hold and operate the same for the benefit of plaintiffs and the said creditors who had signed the agreement above mentioned, dated March 12, 1917; that the said defendant has from time to time rendered to the said Citizens' National Bank statements showing receipts and expenditures from the operation of said properties, and has paid the said bank certain sums of money to be disbursed to said creditors in partial payment of their claims, and that the said bank has so paid said money to said creditors.

Plaintiffs pray for a decree establishing the title and ownership of the plaintiff Harris & Stevens Corporation as lessee in said leasehold, and right to and immediate possession of said property thereunder, that the said real and personal property were received by and have since been held by the defendant

in trust for plaintiffs, and that said trust is now terminated, for an accounting from defendant of all rents, income, or profits drived from said property, and for an injunction permanently restraining defendant from asserting any right or title in or to the said property.

The defendant moved the court to dismiss the complaint, on the grounds: (1) Of want of jurisdiction, because no diversity of citizenship existed, as certain indispensable parties defendant, to wit, certain creditors of plaintiffs and the trustee for said creditors, were citizens of the same state as plaintiffs; (2) misjoinder of parties plaintiff, in that plaintiff C. C. Harris is not interested in the subject-matter of the suit, and not entitled to any of the relief sought; (3) insufficiency of fact to constitute a cause of action in equity against the defendant; and (4) nonjoinder of indispensable parties, to wit, the creditors of plaintiffs, the trustees for said creditors plaintiffs and defendant, and the lessors of the leases set out in the complaint.

The court below granted the motion to dismiss, on all grounds stated, and decree was made accordingly. From that decree the plaintiffs have appealed.

Cates & Robinson, of Los Angeles, Cal. (Alton M. Cates, of Los Angeles, Cal., of counsel), for appellants.

Charles C. Montgomery, of Los Angeles, Cal. (Lynn Helm, of Los Angeles, Cal., of counsel), for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The jurisdiction of the court below was invoked on the ground of diverse citizenship. The motion to dismiss the action was based upon the ground that, if certain indispensable parties were made defendants, there would be a lack of diversity of citizenship. The motion to dismiss also raised the question of a misjoinder of parties plaintiff and insufficiency of fact to constitute a cause of action in equity. We think the determination of the first question properly disposes of this appeal.

The agreement of March 12, 1917, whereby the plaintiffs, with consent of certain of their creditors, continued in force previous assignments to the defendant of the leases of oil property mentioned in the agreement, the provision in the agreement for the appointment of the Citizens' National Bank of Los Angeles as the trustee of the parties, to disburse the receipts derived from the operation of the oil wells by the defendant until the creditors had been fully paid, the transfer of the possession of that property by the plaintiffs to the defendant after all the creditors had signed the agreement, were all parts of one transaction, having for its object the security and benefit of plaintiffs' creditors.

This action brought by the plaintiffs to recover possession of the property from the defendant before the object of the agreement has been accomplished, and while the Citizens' National Bank of Los Angeles was actually engaged in distributing to the creditors the profits from the operation of the oil wells by the defendant, is clearly and distinctly an action affecting the interest of the creditors, and requires that they should be made parties to the action. Furthermore, the Citizens' National Bank of Los Angeles is charged with a duty under the agreement and an interest in its execution, and is entitled to be heard with respect to such interest.

It follows that the creditors and the Citizens' National Bank of Los Angeles are indispensable parties to this action, that their interest lies with the defendant, and they must be brought into the action as defendants; but as they are all citizens of California (so admitted), and the plaintiffs are also citizens of that state, and the jurisdiction of the court is invoked on the ground of diverse citizenship, the bringing in of such defendants will be fatal to the jurisdiction of the District Court. The action was therefore properly dismissed by the court below.

The decree therefore is affirmed.